Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9925 | **DATE** | 10/22/2002 |
| **CASE TITLE** | HERMAN TOWNSEND vs. DONALD SNYDER, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion for summary judgment [92-1] is granted. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

OCT 23 2002 date docketed

docketing deputy initials

10/22/2002 date mailed notice

CB courtroom deputy's initials

PW mailing deputy initials

Date/time received in central Clerk's Office

Document Number: 99

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HERMAN TOWNSEND, K-53674 | ) | |
| | ) | |
| Plaintiff, | ) | No. 01 C 9925 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| DONALD SNYDER, et al., | ) | |
| | ) | DOCKETED |
| Defendants. | ) | |
| | | OCT 2 3 2002 |

## MEMORANDUM OPINION AND ORDER

Herman Townsend, *pro se*, sues Jesse Montgomery, Jenny Johnson, Edmund Baldwin, Christopher Hughes, John Thomas, James Page, Randy Pfister, Anthony Selmon, Anthony Bryant, and Joseph Panozzo ("defendants") under 42 U.S.C. § 1983.[1] Townsend alleges correctional officials (i) displayed deliberate indifference to his claims of sexual assault in violation of the Eighth Amendment; (ii) denied him visitors in violation of the Fourteenth Amendment; and (iii) retaliated against him by transferring him to another facility and denying him access to the courts in violation of the First Amendment. Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56.

## BACKGROUND

### I. Local Rule 56.1

Although *pro se* plaintiffs are entitled to more lenient standards in some circumstances, the standards do not diminish in complying with procedural rules. *Jones v. Phipps*, 39 F.3d 158, 163

---

[1] Townsend does not state whether he sues defendants in their official capacity. Because he does not allege an official policy, custom, or practice of prison officials' failure to protect inmates, he sues defendants in their individual capacities only. *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 694 (1978).



(7th Cir. 1994). Defendants provided Townsend a Local Rule 56.2 notice to *pro se* litigants opposing summary judgment. Townsend failed to respond to defendants Local Rule 56.1(a) statement. Consequently, the court accepts as true all material facts supported by the record in defendants' Local Rule 56.1(a) statement. *Stewart v. International Truck and Engine Corp.*, 2002 WL 1447908, at *3 (N.D. Ill. 2002), *citing Michas v. Health Cost Controls of Illinois, Inc.*, 209 F.3d 687, 689 (7th Cir. 2000).

DOCKETED
OCT 23 2002

## II. The Facts

Defendants are or were employees of the Illinois Department of Corrections ("IDOC"). In January 2000, Townsend was transferred to Stateville Correctional Center ("Stateville") from Pontiac Correctional Center ("Pontiac"). In February 2000, Townsend filed a grievance alleging correctional staff were mishandling his mail and marking him for abuse. Defs. 56.1 Facts, at Ex. 5. He also complained to Thomas, Superintendent at Stateville, and Montgomery, Assistant Deputy Director assigned to Region II of the IDOC, that correctional staff and inmates were repeatedly sexually assaulting him. Defs. 56.1 Facts, at ¶¶ 70-72, 33. No other defendant knew that Townsend had complained of sexual assaults. *Id.* at ¶¶ 46, 47 (Johnson), ¶¶ 55, 56 (Baldwin), ¶¶ 64, 65 (Hughes), ¶¶ 80, 81 (Page), ¶¶ 90, 91 (Pfister), ¶¶ 100, 101 (Selmon), ¶¶ 106, 107 (Bryant), ¶¶ 113, 114 (Panozzo).

During March and April 2000, Townsend repeatedly started fires in his cell (*id.* at ¶¶ 8, 13, 16), stabbed another inmate with an ice pick (*id.* at ¶ 9), flooded his cell (*id.* at ¶ 16), assaulted a correctional officer (*id.* at ¶ 18), and accumulated three disciplinary reports (*id.* at ¶¶ 9, 16, 18). Correctional officers thereafter moved him to the Health Care Unit, where he was placed on high security watch and no visitors were allowed. *Id.* at ¶ 84.

2

On April 18, 2000, Townsend was issued another disciplinary report for possessing two shanks. *Id.* at ¶ 19. Three days later, he was transferred from Stateville to Tamms Correctional Center ("Tamms"). *Id.* at ¶ 120. Other than Warden Page at Stateville, defendants had no involvement with the decision to place Townsend at Tamms. *See id.* at ¶ 41 (Montgomery), ¶ 57 (Baldwin), ¶ 62 (Hughes), ¶ 75 (Thomas), ¶ 93 (Pfister). Page's involvement was limited to signing Townsend's transfer papers, and he had no final say or control to move him there. *Id.* at ¶ 85. When Townsend arrived at Tamms, he filed a grievance alleging Stateville officials allowed inmates to sexually assault him, including repeated sexual assaults while he was housed in the Stateville Health Care Unit. Defs. 56.1 Facts, at Ex. 7.

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *King v. National Human Resource Committee, Inc.*, 218 F.3d 719, 723 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## II. Eighth Amendment Claims

Townsend claims correctional staff and inmates sexually assaulted him, conspired to assault him, and were deliberately indifferent to his alleged sexual assaults. The Eighth Amendment imposes upon correctional officers and officials the affirmative duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official "acts with deliberate indifference if he knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Specifically, the defendant must have "ordered, had knowledge of, or consented to" a violation of the plaintiff's constitutional rights. *Whitford v. Boglino*, 63 F.3d 527, 530-31 (7th Cir. 1995).

Only two defendants knew of Townsend's claims of sexual assault. *See* Defs. 56.1 Facts, at ¶¶ 46, 47 (Johnson), ¶¶ 55, 56 (Baldwin), ¶¶ 64, 65 (Hughes), ¶¶ 80, 81 (Page), ¶¶ 90, 91 (Pfister), ¶¶ 100, 101 (Selmon), ¶¶ 106, 107 (Bryant), ¶¶ 113, 114 (Panozzo). Townsend complained to Thomas and Montgomery that correctional staff and inmates repeatedly sexually assaulted him. *Id.* at ¶¶ 70-72, 33. Townsend fails to present evidence that the attacks continued after Thomas and Montgomery had knowledge of his safety concerns. He does not establish Thomas and Montgomery were personally involved in any alleged attacks. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Nor does he present any evidence that other defendants personally participated in the attacks. Townsend's conclusory allegations in his complaint cannot defeat summary judgment. Fed. R. Civ. P. 56(e); *Weicherding v. Riegel*, 160 F.3d 1139, 1142 (7th Cir. 1998).

## III. Fourteenth Amendment Claims

Townsend claims prison officials unconstitutionally denied him visitors while he was placed in the Stateville Health Care Unit. The Due Process Clause of the Fourteenth Amendment does not require unrestricted visitation. Denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence. *Cannon v. Shomig*, 1999 WL 571052, at *2 (N.D. Ill. 1999), *citing Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). However, correctional officers cannot arbitrarily or discriminatorily impose restrictions on Townsend's visitation privileges. *Pulido v. Godinez*, 1994 WL 702785, at *3 (N.D. Ill. 1994), *citing Morgan v. De Robertis*, 582 F.Supp. 271, 273 (N.D. Ill. 1984).

From April 9 to April 12, 2000, Townsend was temporarily confined to the prison hospital after repeatedly starting fires in his cell (Defs. 56.1 Facts, at ¶¶ 8, 13, 16), stabbing another inmate with an ice pick (*id.* at ¶ 9), flooding his cell (*id.* at ¶ 16), and assaulting a correctional officer (*id.* at ¶ 18). Townsend received numerous disciplinary tickets and correctional officers moved him to the Health Care Unit. *Id.* at ¶ 84. He was placed on high security watch and all visitors were prohibited. *Id.* Townsend fails to present any evidence that his placement in the Health Care Unit and denial of subsequent visitors were arbitrary or discriminatory. It would be unreasonable to infer that the restriction of visitors was anything but a legitimate response to a prison security issue.

## IV. First Amendment Claims

Townsend claims his transfer to Tamms was in retaliation for his previous complaints against correctional officers. Although inmates generally have no constitutionally protected interest in being confined in a particular prison, it is well established that punishing inmates for filing grievances violates their constitutional rights. *Babcock v. White*, 102 F.3d 167, 274 (7th Cir. 1996)

5

However, correctional officers may transfer an inmate for any constitutionally permissible reason or for no reason at all. *Ford v. Page*, 169 F.Supp.2d 831, 840 (N.D. Ill. 2001), *citing Meachum v. Fano*, 427 U.S. 215, 228 (1976).

Townsend was transferred to Tamms after flooding his cell, starting fires, assaulting a correctional officer, possessing two shanks, and receiving disciplinary reports. Townsend fails to offer any evidence to support a reasonable inference that the decision to transfer him to Tamms was based on his grievances and complaints. The mere fact that Townsend filed grievances does not render every administrative and disciplinary decision suspect. *Bean v. Washington*, 1999 WL 759481, at *6 (N.D. Ill. 1999).

Townsend also claims his mail was intercepted and delayed, denying him access to the courts. Defs. 56.1 Facts, Ex. 5. But a party claiming interference with his access to the courts must show prejudice to a pending or contemplated case. *Shango v. Jurich*, 965 F.2d 289, 293 (7th Cir. 1992). Townsend's allegations are merely conclusory. *Martin v. Davies*, 917 F.2d 336, 340 (7th Cir. 1990). He offers no evidence he was prejudiced by any delay in the processing of his mail.

## CONCLUSION

Townsend fails to show defendants' personal involvement in the alleged violation of his Eighth Amendment rights. He presents no evidence to establish the denial of visitors to the Health Care Unit was arbitrary or discriminatory, or that correctional officers retaliated against him.

Townsend cannot survive summary judgment by relying on the allegations in his complaint. Accordingly, the motion for summary judgment is granted.

October 22, 2002

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge